UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry Jenkins<br><br>                         Petitioner,<br>vs.<br><br>Warden, FCI Edgefield<br><br>                         Respondent. | Civil Action No.: 5:14-03687-BHH<br><br>**Opinion and Order** |

      This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 25), which recommends that the respondent's motion to dismiss or in the alternative for summary judgment (ECF No. 20) be granted, and the § 2241 petition be denied. The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

      The petitioner, Jerry Jenkins, a federal inmate at FCI Edgefield, who is proceeding *pro se*, brought this action pursuant to 28 U.S.C. § 2241 challenging the outcome of a prison disciplinary hearing. The hearing involved an incident at FCI Loretto in Pennsylvania in which the plaintiff is alleged to have disposed of a bag that a correctional officer was attempting to seize from him during a search and subsequent foot chase. The petitioner alleges that the correctional officer involved was using the search as a pretext to sexually assault him and concocted the account regarding the disposal of the bag to retaliate against the petitioner for complaining about it. The Disciplinary Hearing Officer (DHO) found that the petitioner destroyed or disposed of an item during a search or attempted search and imposed a sanction consisting of the forfeiture of 40 days of good time, the forfeiture of 60 days of non-vested good time, a

period of disciplinary segregation, and the loss of visitation privileges. The petitioner alleges that he was denied due process.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the case was assigned to Magistrate Judge Kaymani D. West. On April 24, 2015, the Magistrate Judge issued a Report recommending that the respondent's motion to dismiss or in the alternative for summary judgment be granted, and the § 2241 petition be denied. The petitioner filed objections on May 11, 2015 (ECF No. 27).

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ( "[D]e *novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v.*

*Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## **DISCUSSION**

The petitioner alleges that he was denied due process because (1) one of the witnesses he called was unable to testify completely, (2) he was not permitted to question the correctional officer who made the allegations against him, and (3) the Central Office refused to produce and the DHO refused to review surveillance footage of the event, which the petitioner maintains would disprove the officer's allegations. The Magistrate Judge concluded: (1) that the testimony that the petitioner sought to elicit from his witness was irrelevant and was properly excluded by the DHO; (2) that the petitioner was not entitled to cross examine the correctional officer; and (3) that the petitioner failed to exhaust his administrative remedies with regard to his request that the DHO review the video tape, and that even if he had exhausted his remedies, he would not be entitled to view the video tape himself. The petitioner objects to these conclusions.

Upon review, the petitioner's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition, and the petition for a writ of habeas corpus pursuant to § 2241 must be denied for the reasons set forth in the Magistrate Judge's concise and thorough report. The Court agrees with the Magistrate Judge that there was no due process violation in the DHO's refusal to allow the petitioner's witness to testify that the petitioner had previously told him that the correctional officer in question was harassing him. The testimony would add very little

to the petitioner's case, and the Court finds that there was no due process violation in its exclusion. The Court also agrees with the Magistrate Judge that a prisoner does not have cross-examination rights in disciplinary proceedings. The Magistrate Judge cited Fourth Circuit authority that explicitly holds as much, *see Baker v. Lyles*, 904 F.2d 925, 929 (4th Cir. 1990), and the petitioner has not directed the Court to any contrary governing authority. The petitioner maintains that the Report failed to address his claim that he was not allowed to adequately question the *events* that surrounded the incident in question, but the Court does not find that the petitioner has demonstrated a due process violation on these grounds either.

The petitioner does not contest the Magistrate Judge's conclusion that a petitioner seeking relief under 28 U.S.C. § 2241 must exhaust his administrative and remedies. The Magistrate Judge correctly observed that the petitioner's administrative appeal neither requests a review of video evidence nor indicates that the DHO had refused to examine such evidence upon request. (*See* ECF No. 20-8 at 1.) Rather, the administrative appeal complains that the DHO refused to allow the petitioner's only witness to testify "to aquital [sic] type information" and that the sanctions "are harsh and excessive and do not promote respect nor safety for the BOP in general and the Department of Justice in particular." (*Id.*)

In support of this appeal, the petitioner submitted a declaration of Donald Craig, an inmate who testified for the petitioner at his disciplinary hearing. Craig's declaration, which primarily alleges that he was not permitted to testify fully, includes the following statement: "To see what actually happened, simply roll back the camera that points down the corridor to the NI Officer Station. It shows the whole corridor." (*Id.* at 2.) Based on this statement, the petitioner objects to the conclusion that he failed to exhaust his administrative remedies with regard to a request to review the

4

video tape. However, a single assertion by a third-party witness alleging that the events should have been caught on video tape is not the same as a request from the petitioner that the video tape be reviewed or an allegation that the DHO wrongfully refused to review video evidence. Accordingly, the Court agrees with the Magistrate Judge that the petitioner failed to exhaust his administrative remedies with regard to his request that the DHO review the video tape.[1]

## CONCLUSION

After a thorough, *de novo* review of the Report, the record, and the applicable law, the Court finds that the petitioner's objections are without merit. Accordingly, the Court adopts the Report and incorporates it herein. The respondent's motion to dismiss or in the alternative for summary judgment (ECF No. 20) is GRANTED and Jenkins' petition is DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

September 16, 2015
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The Court agrees with the Magistrate Judge's observation that, while there are "obvious risks of giving inmates access to video surveillance," such risks are presumably not attendant where the prisoner is simply asking that *the DHO* review the video evidence.